IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:

THE BURLINGTON INSURANCE COMPANY,

    Plaintiff,

vs.

BISCAYNE PARK TERRACE CONDOMINIUM ASSOCIATION, INC., and ARMANDO BRAVO

    Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE BURLINGTON INSURANCE COMPANY ("BURLINGTON"), through its undersigned attorneys, brings this action against Defendants, BISCAYNE PARK TERRACE CONDOMINUM ASSOCIATION INC, and ARMANDO BRAVO, for declaratory relief and states that:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual controversy between the parties.

2. This court has jurisdiction pursuant to 28 U.S.C. § 1332.

3. The amount in controversy exceeds $75,000, exclusive of interest, attorney's fees, and costs as set forth below.

4. Plaintiff, BURLINGTON, was and is an insurance company incorporated under the laws of a foreign state, having its principal place of business in Alamance County, North Carolina.

5. Upon information and belief, Defendant, BISCAYNE PARK TERRACE CONDOMINUM ASSOCIATION INC. ("BISCAYNE PARK") is a Florida Non Profit Corporation with its principal place of business in Miami-Dade County, Florida .

6. Upon information and belief, Defendant, ARMANDO BRAVO ("BRAVO"), is a citizen of the state of Florida, residing in Miami-Dade County.

7. BURLINGTON issued a commercial general liability contract of insurance to BISCAYNE PARK TERRACE CONDOMINUM ASSOCIATION Inc., Policy Number 535B013063, for the policy period beginning April 27, 2007 through April 27, 2008. A certified copy of the insurance policy is attached hereto as Exhibit "A."

8. BRAVO brought suit against BISCAYNE PARK in Miami-Dade Circuit Court, Case No. 07-17607 CA 25. A copy of the Complaint filed by BRAVO is attached hereto as Exhibit "B" ("Bravo Lawsuit").

9. The Bravo Lawsuit alleges that on May 6, 2007, while on the premises of residential condominiums operated by BISCAYNE PARK and located at 1350/1360/1370 NE 119th Street, Miami, Florida, BRAVO was assaulted. Specifically, that "Plaintiff and his fiancé were attacked and assaulted by two assailants outside the door of their condominium unit, in the hallway." (Exhibit B, ¶18)

10. The Bravo Lawsuit further alleges that the assault occurred as a result of BISCAYNE PARK negligently operating and managing the condominium property; failing to

2

use due care to protect person from the criminal acts of third persons; failing to use ordinary care in keeping the premises reasonably safe, reasonably safe from the criminal acts of third persons; failing to provide adequate security; failing to identify persons with dangerous propensities and preventing those people from injuring others; failing to warn of the likelihood of criminal activity on and around it premises; exposing Bravo to foreseeable and unreasonable risk of criminal assault; failing to properly maintain and repair entrances and exits; failing to warn of that the gates and locks were inadequate to provide a reasonable level of security; failing to warn of both assailants' propensity towards violence. (Exhibit B, ¶50)

11. The Complaint in the Bravo lawsuit further alleges that BRAVO was injured as a result of the attack and assault. (Exhibit B, ¶ 21)

12. BURLINGTON alleges its duties and obligations, if any, to BISCAYNE PARK and BRAVO, are controlled by the terms, conditions, limitations, and exclusions of the insurance policy issued by BURLINGTON to BISCAYNE PARK.

13. On June 28, 2007, BURLINGTON informed BISCAYNE PARK that pursuant to the exclusions in insurance policy, number 535B113063, BURLINGTON had no obligation to indemnify or defend BISCAYNE PARK for any claims in this matter (A copy of the Denial Letter is attached hereto as exhibit C).

14. BISCAYNE PARK TERRACE CONDOMINUM ASSOCIATION INC. and ARMANDO BRAVO are proper parties to this lawsuit, as their rights will be affected by this Court's declaration.

15. All conditions precedent to the bringing of this action for declaratory relief have been complied with, or waived.

## COUNT I – NO COVERAGE
## EVENTS DO NOT CONSTITUTE AN OCCURRENCE

16. BURLINGTON re-alleges paragraphs 1 through 15 as if fully set forth herein.

17. The BURLINGTON policy issued to BISCAYNE PARK contains the following relevant policy language:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A. – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. Insuring Agreement:

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   \* \* \*

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is cause by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period

   \* \* \*

**SECTION V – DEFINITIONS**

2. "Bodily Injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

   \* \* \*

13. "Occurrence" means an incident, including continuous or repeated exposure to substantially the same general harmful conditions.

   \* \* \*

18. The claims asserted in the BRAVO lawsuit are barred to the extent that the events giving rise to the claims do not constitute an "occurrence" within the meaning of the BURLINGTON insurance policy. Therefore, there is no coverage for the claims asserted against BISCAYNE PARK in the Bravo lawsuit, and by the terms of 28 U.S.C. § 2201, this Court has the power to declare the rights and liabilities of the parties, and to give such other relief as may be necessary.

### COUNT II – NO COVERAGE
### EXCLUSION - ASSAULT OR BATTERY

19. BURLINGTON re-alleges paragraphs 1 through 15 as if fully set forth herein.

20. The BURLINGTON policy issued to BISCAYNE PARK contains the following exclusion:

> **EXCLUSION – ASSAULT OR BATTERY**
>
> 1. **Exclusion a of COVERAE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, SECTION I – COVERAGES, is replaced by:**
>
>    This insurance does not apply to:
>
>    a. Expected or Intended Injury, Or Assault or Battery
>
>    "Bodily injury" or "property damage""
>
>    1. Expected or intended from the standpoint of any insured; or
>    2. Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery
>
> 2. **Exclusion z is added to 2. Exclusions of COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, SECTION I – COVERAGES:**
>
>    This insurance does not apply to:
>
>    z. Assault Or Battery

**"Personal and advertising injury" arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.**

21. Under the BURLINGTON policy's coverage C, Medical Payments, the policy provides in relevant part that: "We [BURLINGTON] will not pay [medical] expenses for "bodily injury" Excluded under Coverage A."

22. The Complaint in the Bravo lawsuit specifically alleges that the bodily injury occurred as a result of an assault and battery. (Exhibit B, ¶21).

23. Based on the abovementioned exclusion for bodily injury arising out of an assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery, there is no coverage for the claims asserted against BISCAYNE PARK TERRACE CONDOMINIUM in the Bravo lawsuit, and no duty to indemnify, and by the terms of 28 U.S.C. § 2201, this Court has the power to declare the rights and liabilities of the parties, and to give such other relief as may be necessary.

WHEREFORE, Plaintiff, THE BURLINGTON INSURANCE COMPANY, requests this Court to:

a. Determine and adjudicate the rights and liabilities of the parties with respect to the Burlington policy;

b. Find and declare BURLINGTON has neither a duty to defend nor indemnify BISCAYNE PARK TERRACE CONDOMINIUM for any of the claims alleged in the Bravo lawsuit; and

   c. Find and declare that ARMANDO BRAVO is not entitled to payment of any medical expenses under the BURLINGTON policy's Medical Payments coverage.

   d. Grant BURLINGTON such other relief as the Court deems fit and proper under the evidence and circumstances.

Date: MAY 6, 2010

Respectfully submitted,

Jack T. Frost
Fla. Bar No. 282138
GREEN, ACKERMAN & FROST, P.A.
1200 N. Federal Highway, Suite 301
Boca Raton, Florida 33432
Tel: (561) 347-2400
Fax: (561) 955-9555
Attorneys for Plaintiff
E-mail: jfrost@gaflaw.com